*212 Lundberg Stratton, J.,
concurring in part and dissenting in part.
(¶ 105} I concur with paragraph one of the syllabus; however, I respectfully dissent from paragraph two of the syllabus that overrules, in part, paragraph four of the syllabus of Bogan v. Progressive Cas. Ins. Co. (1988), 36 Ohio St.3d 22, 521 N.E.2d 447. There are different reasons behind the consent-to-settle or subrogation clause that I believe justify enforcing the contract clause without any inquiry into prejudice caused by a breach.
{¶ 106} The consent-to-settle provision in the policy preserves the insurer’s right of subrogation against the tortfeasor. A number of factors might influence an insurer’s decision whether to consent to a settlement, including but not limited to the insurer’s business practices, the particular policy limits, the policy language, the claims history of the insured, a cost-benefit analysis of the claim, and the potential for reimbursement from the tortfeasor. If the insured breaches the consent-to-settle or subrogation provisions of the policy, the insured’s right of subrogation is destroyed. Once destroyed, the right is gone forever. Consequently, destruction of that existing right by a third party, through no fault of the insurer, is prejudicial as a matter of law. The insurer is denied the opportunity to investigate, while the third party may have had little incentive to investigate or preserve evidence. The insurer is unable to protect against fraud and collusion or to determine whether its subrogated claim is collectible or whether the tortfeasor is judgment-proof. The insurer should be the party to ultimately decide whether to pursue its subrogation rights.
{¶ 107} In Ohio, the right of subrogation is recognized by statute and by the courts. It does not depend upon whether the insurer will be successful in exercising the right. Bogan described an insurer’s right of subrogation as “a full and present right in and of itself wholly independent of whether a later judgment obtained by use of such right will be reduced to collection from the tortfeasor.” 36 Ohio St.3d at 31, 521 N.E.2d 447. It is “ ‘real and existing’ ” when a settlement releases the tortfeasor. Id. The Bogan court, therefore, concluded that it was “both just and reasonable that an insurer require, as a precondition to coverage, not that such subrogation rights will result in reimbursement to the insurer, but that the injured party not compromise with the tortfeasor in such a way as to destroy the insurer’s subrogation right. Such compromise clearly prejudices the present subrogation right of the injured party’s insurer.” (Emphasis sic.) Id.
{¶ 108} By requiring a factual inquiry into the prejudicial effect of any breach, the majority is now injecting more uncertainty into the insurance industry and creating more litigation. It renders meaningless contractual provisions of the policy and the statutory right of subrogation. It will require a factual inquiry every time there is a breach of the consent-to-settle or subroga *213 tion provisions and place the decision about subrogation in the hands of courts and juries instead of with the insurer. Furthermore, all the time and money spent to determine the value, if any, of the subrogation right is for naught, since the tortfeasor has already been released from any further liability.
Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., and Kathleen J. St. John, for appellants.
Baker & Hackenberg and I. James Hackenberg, for appellee.
Elk & Elk Co., L.P.A., and Todd 0. Rosenberg, urging reversal for amicus curiae Ohio Academy of Trial Lawyers.
Bricker & Eckler, L.L.P., Kurtis A. Tunnell, Anne Marie Sferra and Robert Katz, urging affirmance for amici curiae American Insurance Association, National Association of Independent Insurers, Alliance of American Insurers, Ohio Chapter of the National Federation of Independent Business, Ohio Manufacturer’s Association, Ohio Farm Bureau Federation, Ohio Chemistry Technology Council, and Ohio Council of Retail Merchants.
Keener, Doucher, Curley & Patterson, W. Charles Curley and Jenifer J. Murphy, urging affirmance for amicus curiae Ohio Association of Civil Trial Attorneys.
{¶ 109} As an Ohio court reasoned, “whether subrogation rights have been destroyed or the insurance carrier prejudiced thereby should not be determined on a case by case basis depending on the collectibility of the tortfeasor. Just because the tortfeasor may appear to be uncollectible today does not mean he or she will be uncollectible tomorrow. The tortfeasor may inherit a fortune, win the lottery or secure a lucrative employment. The collectibility of the underlying tortfeasor is irrelevant in determining whether an insurance carrier is prejudiced by its insured’s destruction of its subrogation rights.” Ungur v. Buckeye Union Ins. Co. (Mar. 26, 2002), Cuyahoga C.P. No. 448778, at 5.
{¶ 110} Here, the insurer’s subrogation right is rooted in Ohio case law, contract, and statute. In the event of an insured’s breach of the consent-to-settle or subrogation provisions of the insurance policy, there should be no need to prove actual prejudice to relieve the insurer of the obligation to provide coverage. Therefore, I respectfully dissent from paragraph two of the syllabus.